United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40036
Summary Calendar

BETTY DOUGIA,

                              Plaintiff-Appellant,

versus

HOWARD D. GRAVES, Etc.; ET AL,

                              Defendants,

DR. ROBERT D. MCTEER, Chancellor of the Texas
A&M University System; JIM HULL, individually and as
Director of Texas Forest Service; BOBBY YOUNG; GARY
BENNETT; RODNEY MONK,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-625
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Betty Dougia appeals the district court's grant of summary

judgment for the defendants in her suit filed under 42 U.S.C.

§ 1983.  Dougia alleged that her rights were violated under the

United States Constitution and the Texas Constitution.  Dougia

asserted that she entered into a contractual agreement with a

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

logger to remove timber from her property. Following the removal, she felt as though she was not properly compensated. Dougia called the Timber Theft hotline of the Texas Forest Service (TFS) and requested an investigation into the matter. The investigation was delayed, and the report that was compiled after the investigation concluded that she had been overpaid by the logger. Dougia alleged that the report was compiled in bad faith.

The district court dismissed defendants two defendants without prejudice because they were never served. The court granted the other defendants' motion for summary judgment, concluding that Dougia failed to show a constitutional violation under the Fifth or Fourteenth Amendment of the United States Constitution or the Takings Clause of the Texas Constitution. The court noted that Dougia did not contend that the defendants interfered with or took her property for public purposes without just compensation. In the alternative, assuming for the sake of argument that Dougia had established a constitutional deprivation, the district court found that the remaining defendants were entitled to qualified immunity.

On appeal, Dougia does not challenge the dismissal of her complaint as to the defendants who were not served. Nor does she challenge the finding of qualified immunity as to any defendant with the exception of Rodney Monk. Accordingly, all arguments

regarding these findings of the district court are waived.  See
Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Dougia argues that the district court erred in granting summary judgment because there is a genuine issue of material fact regarding Monk's good faith.  Dougia acknowledges that the state government did not take her property; she contends, in a one-sentence argument, that the TFS is responsible for the alleged taking because Monk filed a report that was not compiled in good faith.  Monk's good faith is irrelevant, however; the district court granted summary judgment because Dougia did not prove any constitutional violations under either federal or state law.  Dougia does not seriously challenge this finding on appeal and admits that her property was not taken by the state.  As such, Dougia has waived any argument that she proved a constitutional violation.  See Hughes, 191 F.3d at 613.  Alternatively, she has not shown that the district court erred in granting summary judgment on grounds that she had not proved a constitutional violation.

The judgment of the district court is AFFIRMED.